# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY S. DUNCAN, | ) | CASE NO. 5:17cv1659 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| SAMUEL A. YANNUCCI, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jeremy S. Duncan ("plaintiff") filed this *Bivens* action[1] against former Assistant United States Attorney ("AUSA") Samuel A. Yannucci ("Yannucci"), former AUSA Herbert J. Villa ("Villa"), AUSA Robert E. Bulford ("Bulford"), FBI Special Agent ("SA") Douglas Porrini ("Porrini"), the United States, the United States Marshal Service, and John/Jane Does (collectively "defendants"). In the complaint, plaintiff challenges defendants' conduct during the course of the criminal investigation into charges against him and his criminal prosecution. He seeks $ 2,500,000.00 in damages. Defendants seek dismissal of the complaint. (Doc. No. 4 (Motion to Dismiss ["MTD"].)

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

## I. BACKGROUND

On June 7, 2016, plaintiff and eleven others were indicted by a federal grand jury in the United States District Court for the Northern District of Ohio for conspiracy to distribute/possess with intent to distribute 100 kilograms of marijuana. *See United States v. Duncan*, No. 5:12 cr 286-10 (N.D. Ohio). SA Porrini conducted the drug trafficking investigation. As part of that investigation, Porrini obtained a Title III Order authorizing the interception of wire communications, including plaintiff's cell phones. The investigation led to the indictment of plaintiff and eleven other individuals on federal drug trafficking charges. Yannucci, Villa and Bulford were the AUSAs assigned to prosecute the criminal case. Plaintiff filed a motion to suppress the intercepted phone calls, but the court denied the motion. Plaintiff pleaded guilty to the charges on March 27, 2013. He appealed the denial of his motion to suppress, and the Sixth Circuit Court of Appeals affirmed his conviction. *See United States v. Wright*, 635 F. App'x 162 (6th Cir. 2015).

Plaintiff's complaint is very brief. It appears that he is challenging the Title III Application, complaining that defendants used boilerplate language describing drug trafficking to obtain the order permitting the interception of his cell phone communications. Plaintiff indicates defendants intercepted a conversation between plaintiff and one of his codefendants, Dante Branch, urging that the two meet. Law enforcement then intercepted a conversation between Branch and another person, suggesting plaintiff had dropped off a multi-pound quantity of marijuana. Another intercepted conversation suggested Branch was expecting an additional shipment from plaintiff arriving in Akron, Ohio from California in March 2012. On March 29, 2012, surveillance units observed Branch and plaintiff meeting in Akron, Ohio. Plaintiff claims that "based on the above

chronology of factors" the defendants conspired and agreed to violate his constitutional right for a meaningful opportunity to seek redress of his grievances before the court. (Doc. No. 1 (Complaint ["Compl."]) at 3.) He also alleges that the indictment against him was false. (*Id*.)

Defendants filed a motion to dismiss the present action pursuant to Federal Civil Procedure Rule 12(b)(6). They claim: (1) plaintiff's complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); (2) the AUSA defendants are entitled to absolute immunity from damages; (3) plaintiff failed to state a claim for relief against Porrini and Bulford; and (4) Porrini and Bulford are entitled to qualified immunity.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n. 3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S. Ct. 1955). "While legal conclusions can provide the framework of a complaint, they must be

3

supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In entertaining a Rule 12(b)(6) motion, the Court may consider documents that are referred to in the pleadings, and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). A court may also consider all matters over which it may take judicial notice. *See New Eng. Health Care Emp. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted); *see also* Fed. R. Evid. 201(b) (providing that "[a] court make take judicial notice, on its own" of a "(1) fact that is not subject to reasonable dispute because it is generally known within the trial court's jurisdiction; or (2) can accurately and readily be determined from sources whose accuracy cannot be reasonably questioned.")

### III. DISCUSSION

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254; *Heck*, 512 U.S. at 486. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable in a civil rights action. Therefore, when a prisoner seeks damages in a civil rights suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

4

sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, plaintiff challenges the reasonableness of the Title III Warrant, and he further contends the information received by the wiretap was insufficient to proceed with an indictment. If his claims were found to have merit, they would call into question the validity of his conviction. *See generally Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Therefore, if he is to proceed with this action, he must also demonstrate that his conviction was called into question by an appellate court or by the issuance of a writ of habeas corpus. To the contrary, his conviction was upheld by the Sixth Circuit and there is no suggestion it was overturned by a federal habeas corpus decision. *See, e.g., Chapman v. Lawson*, 89 F. Supp. 3d 959, 965 (S.D. Ohio 2015) (Section 1983 action alleging that Title III wiretap warrants were not supported by probable cause was barred by *Heck, supra*) (citations omitted).

Furthermore, even if this case were not barred by *Heck*, Yannucci, Bulford, and Villa would be absolutely immune from suit for damages. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed 2d 128 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (citations omitted). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citations omitted). If the prosecutor is

constrained in making every decision by the potential consequences of personal liability in a suit for damages his ability to perform his duty is compromised. *Id.* The likelihood of the filing of such suits is considerable because a defendant often will transform his resentment toward prosecution into the attribution of improper and malicious actions to the prosecutor. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity, therefore, extends to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (citation omitted). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the government's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor[.]" *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (citations omitted).

In this instance, the challenged actions of the AUSAs were all intimately associated with the investigation and initiation of criminal proceedings against plaintiff. Consequently, Yannucci, Bulford, and Villa are entitled to absolute immunity from this suit for damages.

In addition, plaintiff cannot pursue a *Bivens* claim against the United States or the United States Marshal Service. *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). It does not support an action against the United States government or any of its agencies. *Id*; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).

Finally, plaintiff does not allege any facts that pertain to Porrini in his complaint. Plaintiff cannot establish the liability of any defendant under *Bivens* absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged

unconstitutional behavior. *See Mullins v. Hainesworth*, 66 F.3d 326 (Table), 1995 WL 559381 (6th Cir. Sept. 20, 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)). In this case, plaintiff does not allege facts to suggest how Porrini deprived him of an opportunity to seek redress of his grievances from the Court. He, therefore, fails to state a claim against Porrini.

### IV. CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss is **GRANTED** and this action is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 29, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**